**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-20957-CIV-TORRES**
**CONSENT CASE**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **STEVEN M. IVESTER,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**FINAL JUDGMENT OF PERMANENT INJUNCTION**
**AND OTHER RELIEF AGAINST STEVEN M. IVESTER**

Plaintiff Securities and Exchange Commission commenced this action by filing its complaint against Defendant Steven M. Ivester, among others. In its complaint, the Commission sought, among other relief, a permanent injunction to prohibit violations by Ivester of Sections 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act"), and Section 16(a) and Rules 13-14 and 16a-3 of the Securities Exchange Act of 1934 ("Exchange Act"); disgorgement of ill-gotten gains and prejudgment interest; and the imposition of a civil money penalty.

Ivester, by the Consent of Defendant Steven M. Ivester to Entry of Final Judgment and Other Relief ("Consent"), has entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, consented to the entry of this Final Judgment of Permanent Injunction and Other Relief Against Steven M. Ivester ("Final Judgment") without admitting or denying the allegations of the complaint (except as to subject matter and personal jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal

from this Final Judgment. This Court having accepted the Consent and having jurisdiction over Ivester and the subject matter of this action, enters Final Judgment as follows:

**I.**

**VIOLATION OF SECTIONS 17(a)(2) AND (3) OF THE SECURITIES ACT**

**IT IS ORDERED AND ADJUDGED** that Ivester, his officers, agents, servants, employees, attorneys, representatives and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections17(a)(2) and (3) of the Securities Act, 15 U.S.C. § 77q(a)(2) and (3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading in violation of 15 U.S.C. §§ 77q (a)(2); or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of 15 U.S.C. §§ 77q (a)(3).

**II.**

**VIOLATION OF SECTION 16(a) AND RULE 16a-3 OF THE EXCHANGE ACT**

**IT IS FURTHER ORDERED AND ADJUDGED** that Ivester, his officers, agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Exchange Act Rule 16a-3, 17 C.F.R. § 240.16a-3, by failing to file reports with the Commission that accurately and fairly reflect his beneficial ownership of any equity security of a class which is registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, and any changes in such beneficial ownership.

### III.

### VIOLATION OF EXCHANGE ACT RULE 13a-14

**IT IS FURTHER ORDERED AND ADJUDGED** that Ivester, his officers, agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with him who receive actual notice of this Final Judgment, by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14, by improperly certifying in any periodic reports filed with the Commissions that to the best of his knowledge such reports contain no untrue statements of material fact or omissions of material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

### IV.

### DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that Ivester shall pay disgorgement of $55,018 and prejudgment interest of $12,064.

### V.

### CIVIL MONEY PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Ivester shall pay a civil money penalty of $55,000.

## VI.

## PAYMENT INSTRUCTIONS

**IT IS FURTHER ORDERED AND ADJUDGED** that Ivester shall pay the total of $122,082 in disgorgement, prejudgment interest and the civil money penalty according to the following Payment Plan: (1) $35,000 shall be due and payable within 10 days of the Court's entry of the Final Judgment; (2) an additional $43,541 shall be due and payable within six months of entry of the Final Judgment, and (3) the final $43,541 shall be due and payable within one year of entry of the Final Judgment. Postjudgment interest at the applicable statutory rate shall accrue from the date of entry of the Final Judgment on the second and third payments. Upon failure to make any payment by the date and in the amount according to the schedule set forth above, all outstanding payments due under the Final Judgment at that time, including postjudgment interest thereon, shall become due and payable immediately.

Ivester shall make all payments under the Payment Plan by certified check, bank cashier's check, or United States postal money order payable to the United States Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, together with a cover letter identifying Steven M. Ivester as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to the Final Judgment. Ivester shall simultaneously transmit photocopies of such payment and letter to Robert K. Levenson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. By making these payments, Ivester relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him.

Ivester shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount he pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors.  Park further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## VII.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated into this Final Judgment with the same force and effect as if fully set forth herein.

## VIII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** this   15   day of      April      , 2010 at   Miami  , Florida.

_____
**EDWIN TORRES**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
Counsel of record