UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20957-CIV-TORRES

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

OSVALDO PITTERS AND
TERRELL J. KUYKENDALL,

      Defendants.
_____)

**ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT**

This matter is before the Court on defaulted Defendant Terrell J. Kuykendall's Motion for Relief from Final Judgment [D.E. 70], to which Plaintiff responded in opposition, and Defendant replied. The matter is thus ripe for disposition. Upon review of the record, the Court finds that Defendant had ample notice of the proceedings against him and numerous opportunities to timely respond. As a result, Defendant cannot meet the heavy burden required of him to overturn a judgment under either Federal Rule of Civil Procedure 60(b)(1) or 60(b)(6). The pending motion must thus be Denied.

*I. BACKGROUND*

This action arose after the Commission filed a complaint on April 13, 2009 against Terrell J. Kuykendall ("Kuykendall") and two other defendants, alleging they violated the anti-fraud and books-and-records provisions of the federal securities laws.

[D.E. 1]. Kuykendall and the other two defendants inflated the revenues of VoIP, Inc., a small publicly-traded Internet telecommunications company, by recording fictitious sales in 2004 and 2005. It is undisputed in this record that on April 21, 2009, the Commission, by agreement, served the attorney who had represented Kuykendall during the investigation of this matter with a summons and the complaint. See Acknowledgment of Service, filed on April 27, 2009. [D.E. 4].

The following month, one of the other defendants moved to dismiss the complaint, resulting in the Commission filing an amended complaint on May 19, 2009. [D.E. 13]. The amended complaint contained the same factual allegations against Kuykendall as the original complaint. The Commission served the amended complaint by mail on Kuykendall's attorney the same day, in accordance with Rule 4. Receiving no response from Kuykendall to the original or amended complaint, the Commission moved for a clerk's default on June 10, 2009. [D.E. 18]. The clerk entered the default two days later. [D.E. 21]. On June 23, 2009, the Court entered its Order on Default Procedure [D.E. 29], directing the Commission to serve the Order on Kuykendall (and another defaulting defendant) by certified mail, and to file a motion for default judgment within 20 days. Significantly, in bold type, the Court expressly warned Kuykendall of the consequences of failing to respond to the amended complaint: "Defendants are hereby on notice that failure to file a response to the complaint may result in a default judgment against them." [D.E. 29 at 2].

The Commission served Kuykendall with the Order by certified mail as directed. See Certified Mail Receipt, Ex. 1 to Commission's Motion for Entry of Default

Judgment of Permanent Injunction and Other Relief against Defendant Terrell J. Kuykendall [D.E. 32] ("Default Judgment Motion").

It is also undisputed that at about around the same time, the Commission and Kuykendall's attorney engaged in telephone and written discussions regarding the default entered against Kuykendall, Kuykendall's desire to move to vacate the default, and the Order on Default Procedure. These e-mails make it abundantly clear that Kuykendall had actual notice of the proceedings, the Court's warning of the consequences of failing to respond to the amended complaint, and the Court's order that the Commission file a default judgment motion. Furthermore, although Mr. Pena indicated in the e-mails he was not admitted to practice in the Southern District of Florida, nowhere did he state (1) he was not representing Kuykendall, (2) the Commission should stop serving papers on him, or (3) that it should cease communicating with him on Kuykendall's behalf. To the contrary, Pena indicated in his e-mail of June 29, 2009 he would be meeting with his client and would communicate with us regarding his intentions.[1]

Complying with the Court's Order on Default Procedure, the Commission filed its Default Judgment Motion on July 13, 2009. The Commission served the motion on Kuykendall's attorney. Ten days later, Kuykendall finally appeared in the case and filed a pro se motion to set aside the clerk's default [D.E. 37]. Kuykendall's motion did not indicate it was improper for the Commission to continue to serve or communicate

---

[1] The record reflects no evidentiary challenge from Kuykendall to these facts supporting the Commission's opposition, nor to the exhibits attached thereto. The record is thus undisputed on these points.

with Mr. Pena on his behalf. But more importantly here, the filing of the pro se motion confirms the Commission's account as to the manner in which it communicated with Kuykendall regarding these proceedings, and Kuykendall's actual knowledge regarding the pending claims. Again, Kuykendall does not challenge any of these preceding facts.

The following day the Commission responded to Kuykendall's motion, with service on Mr. Pena. On July 30, the Court entered an Order [D.E. 41] directing Kuykendall to respond to the amended complaint no later than August 11, 2009. The order expressly states that "If Mr. Kuykendall cannot retain an attorney before this date, he must answer the Complaint himself." [D.E. 41 at 1 (emphasis added)]. This Order placed Kuykendall on express notice that, if he did not retain counsel, he still had an obligation to defend against the Commission's lawsuit if he wished to contest the allegations. Yet again, despite a clear opportunity to cure the prior default, and despite filing the pro se motion to vacate, Kuykendall did not respond to the Court's Order or the amended complaint. The Commission then filed a Notice of Non-Compliance with Court Order and Renewed Request for Entry of Default Judgment against Kuykendall on August 13, 2009. [D.E. 42].

A week later, Kuykendall e-mailed the Commission's counsel stating he would not be objecting to the default. That communication was filed with the Court, together with a renewed request for entry of default judgment (copying counsel Pena). [D.E. 44]. As a result, the Court denied Kuykendall's Motion to Set Aside Default [D.E. 53] and granted the Commission's Default Judgment Motion [D.E. 55], both in November 2009. In that Default Judgment Order, the Court gave the Commission sixty days to file any other application for relief. The Court also ruled that "By virtue of the default and the

failure to respond to the amended complaint, Kuykendall is deemed to have admitted the allegations of the amended complaint and liability is established against him. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). Accordingly, the Court finds Kuykendall committed the violations alleged in the amended complaint." [D.E. 55 at 2]. The Court further entered a permanent injunction against Kuykendall.

The Commission filed a Motion for Civil Penalties against Kuykendall (and another defendant) on January 7, 2010 [D.E. 56]. The Court later Court granted the motion and entered a Final Judgment Ordering a Civil Penalty against Defendant Terrell Kuykendall ("Final Judgment"), ordering Kuykendall to pay a $130,000 civil penalty [D.E. 62 and 63]. That motion, however, had erroneously not been served on Kuykendall or Pena. The Commission argues, nevertheless, that the failure to serve Kuykendall with the Penalty Motion is not a reason to set aside the Final Judgment because his claimed intent to defend against it is belied by his conduct once he received notice of the Final Judgment. Kuykendall admits he learned of that Final Judgment on July 14, 2010 upon receiving notice of non-payment from the Commission. Kuykendall Motion at 9. Kuykendall was also served by the Court with the Final Judgment by virtue of his admitted address on the docket, which came from Kuykendall's own pro se filing, including Kuykendall's email address. The record thus clearly shows that Kuykendall had actual notice of the Court's Final Judgment.

Despite gaining that knowledge, Kuykendall did not seek any relief under Rule 59 if he had an objection to the entry or amount of the Final Judgment, which was clearly available to him under the Rule. Nor did he seek any Rule 60 relief at that

time, or file a notice of appeal. To the contrary, he took no action for seven weeks after learning from the Court and the Commission directly as to the entry of the Final Judgment. As a result, the record shows that the Final Judgment was fully final and enforceable at that point in time.

In early August 2010, the Commission learned Kuykendall had funds in a brokerage account he was about to receive. The Commission applied to the Court for a writ of garnishment to take the funds to help satisfy the Final Judgment, and the Court issued the writ on August 17, 2010. [D.E. 68]. The writ was served on an attorney representing Kuykendall in a state court action involving the funds in the account. It was only then that Kuykendall sought to take action, filing the pending motion on September 1, 2010. Kuykendall argues that the Court should set aside the Default Judgment entered against Kuykendall and allow the case to be decided "on the merits"because Kuykendall had no notice of the proceedings against him, the Commission would not be substantially prejudiced by setting aside the Default Judgment, and Kuykendall has a meritorious defense that is likely to be successful. Alternatively, he asks that the Court should set aside the Final Judgment because Kuykendall had no opportunity to contest the civil penalty amount. The Commission opposes the motion based upon Kuykendall's failure to satisfy the burden imposed on him by Rule 60.

## II.  ANALYSIS

Under Rule 60(b), final judgments should not be "lightly reopened." *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 679-80 (11th Cir. 1984). "The desirability for order

and predictability in the judicial process speaks for caution in the reopening of judgments." *Id.* Rule 60(b)(1) provides a court may set aside a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1).

In applying this rule to a motion to vacate a judgment, a court must find that a movant (1) has a meritorious defense that might have affected the outcome; (2) granting the motion will not result in prejudice to the opposing party; and (3) a good reason existed for failing to respond to the complaint. *E.g., Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922, 934-36 (11th Cir. 2007). The determination of whether a party meets this test is an equitable one, taking into account all three factors and the totality of the circumstances. *Id.* at 934. Rule 60(b)(6) separately provides that a party may seek relief from judgment for "any reason justifying relief from the operation of the judgment" not set out in Rules 60(b)(1-5).

The provisions of Rule 60(b) are mutually exclusive, meaning a party cannot offer reasons for relief under Rule 60(b)(6) that he also offers or could offer under one of the other five subsections of Rule 60(b). *United States v. Real Property & Residence Located at Route 1, Box 111 Firetower Road,* 920 F.2d 788, 791 (11th Cir. 1991); *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.,* 803 F.2d 1130, 1133 (11th Cir. 1986). This is a key distinction Kuykendall's motion fails to make. The motion does not suggest any separate reasons for relief under Rule 60(b)(6) and Rule 60(b)(1). This lack of distinction is fatal to Kuykendall's claim under Rule 60(b)(6). Moreover, relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked

only upon a showing of exceptional circumstances. *See Crapp v. City of Miami Beach,* 242 F.3d 1017, 1020 (11th Cir. 2001) (citing *Griffin,* 722 F.2d at 680).

It is unclear which of the four grounds – mistake, surprise, inadvertence, or excusable neglect – Kuykendall is asserting as a reason justifying relief from the Default Judgment.  However, Kuykendall does not seem to have a claim based on mistake, surprise, or inadvertence given (1) the overwhelming evidence that he had notice the Commission was seeking a default judgment against him, (2) the Court's warning of the consequences of failing to respond to the amended complaint in its Order on Default Procedure, and (3) Kuykendall's conscious decision to abandon his motion to set aside the default and not contest the default judgment motion.

Thus, we examine whether Kuykendall has demonstrated excusable neglect justifying relief from judgment under Rule 60(b)(1). As indicated above, Kuykendall must demonstrate three factors to justify relief: (1) a good reason for failing to respond to the amended complaint; (2) the absence of prejudice to the Commission; and (3) a meritorious defense that might have affected the outcome.

Kuykendall argues that he did not further to the default judgment motion or contest the proceedings after August 20, 2009 because (1) his attorney did not keep him fully informed of the proceedings, (2) he did not understand his duty to respond to the amended complaint, and (3) he did not have the money to hire an attorney.  None of these arguments are valid reasons to set aside a judgment under Rule 60(b)(1). Moreover, Kuykendall does not assert that counsel Pena did not give him any of the

other numerous papers the Commission filed related to the Default Judgment, including the Default Judgment Motion.

To the extent Kuykendall is asserting Mr. Pena was negligent, parties must timely bring claims for relief from judgment due to attorney error under Rule 60(b)(1). *See United States v. $164,100 In United States Currency,* 2007 WL 3171371, at *2 (S.D. Fla. Oct. 25, 2007) (citing *Solaroll Shade,* 803 F.2d at 1133). But it also established that an attorney's negligence alone does not qualify for relief under Rule 60(b)(1). *See, e.g., Cavaliere v. Allstate Ins. Co.,* 996 F.2d 1111, 1115 (11th Cir. 1993) ("This court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error"); *Box 111 Firetower Road,* 920 F.2d at 792 (U.S. Attorney's failure to understand implications of court order and lack of familiarity with deadlines and regulations did not justify relief under Rule 60(b)(1)); *$164,100 In United States Currency,* 2007 WL 3171371 at *2 (attorney's decision not to respond to forfeiture claim because he feared client making statements in light of pending criminal action did not entitle claimant to relief under Rule 60(b)(1)).

Even if Mr. Pena did not provide the August 11, 2009 Order to Kuykendall, that pales in comparison to the numerous other Commission filings and Court orders Kuykendall does not deny receiving from his lawyer, including the clerk's default, the Court's Order on Default Procedure, and the Default Judgment Motion. Kuykendall also plainly knew the Commission was serving Mr. Pena with copies of its motions and other papers. Under such circumstances, he had an obligation to follow up to ensure Mr. Pena was protecting his interests. *See also Florida Physician's Ins. Co. v. Ehlers,*

8 F.3d 780, 783-84 (11th Cir. 1993) (after defendant moved from Florida while a lawsuit was pending, which led to default judgment entered against him, defendant moved to set aside judgment based on lack of notice and difficulty communicating with his attorney; motion and appeal were rejected based upon his own lack of diligence in defending the suit).

Here Kuykendall was on notice the Commission had filed an enforcement action against him. The amended complaint, which Kuykendall does not deny receiving, stated the Commission was seeking, among other things, a civil penalty. Kuykendall additionally was on notice the Commission was attempting to obtain a default judgment against him, and knew the Commission was serving papers on Mr. Pena and communicating with him regarding this case. He also had received the Order on Default Procedure warning him he could face a default judgment if he did not respond to the amended complaint. Accordingly, Kuykendall bore primary responsibility for following up to ensure his attorney was adequately protecting his interests and relaying to him copies of any papers or communications from the Commission. And to the extent Mr. Pena even was negligent (which Kuykendall has not demonstrated), and to the extent Kuykendall is seeking relief from the Default Judgment due to any such negligence, a Rule 60(b)(1) motion presents an inappropriate vehicle to obtain any relief.

Similarly, Kuykendall's claim that he did not understand he had a duty to defend the action lacks merit on its face. Kuykendall does not deny receiving the Court's warning in the Order on Default Procedure. Thus, he knew exactly what would happen if he did not respond. In addition, for most of the time between April and

August 2009, an attorney represented Kuykendall, regardless of whether that attorney had entered an appearance in this case. That attorney advised Kuykendall he needed to file a pro se motion to vacate the clerk's default, and assisted him in preparing the motion. Thus, Kuykendall clearly was on notice he could file pleadings, motions, and other papers in the case. Nonetheless, Kuykendall chose to send an e-mail to the Commission stating his intention not to further contest the default or our attempts to obtain a default judgment.

Based on these undisputable facts in the record, there is no reasonable basis for Kuykendall to now assert he assumed the Commission would not proceed against him. Furthermore, the equities of the situation weigh heavily in favor of the Commission on this issue. Knowing there was a clerk's default already entered against him and a pending motion for default judgment, Kuykendall informed the Commission in August 2009 he did not intend to litigate further. Now more than a year later, it is inequitable and unduly prejudicial for Kuykendall to now come back and argue that, in effect, he has changed his mind and wishes to litigate.

Finally, Kuykendall's last argument– that he could not afford an attorney – also lacks merit. It is well established that even if a party cannot afford an attorney, he still has a responsibility to appear and defend. *See, e.g., Global Aerospace, Inc. v. Platinum Jet Management, Inc.,* 2010 WL 331905 at *5 (S.D. Fla. Jan. 28, 2010) (refusing to set aside default judgment where defendant claimed it could not afford attorney, but did nothing in the case for six months); *Original Appalachian Artworks,*

*Inc. v. Yuil Int'l Trading Corp.,* 105 F.R.D. 113, 116-17 (S.D.N.Y. 1985) (defendants' difficulty in obtaining attorney did not excuse failure to answer or defend).

Kuykendall has not established that he has a good reason for failing to respond to the amended complaint – the first prong of the three-part test for setting aside a default judgment under Rule 60(b)(1). We need not go further, other than to note that the remaining elements of the burden that Kuyendall must meet are also lacking. Clearly, as stated earlier, the Commission would suffer prejudice if the Court sets aside the default judgment. *See, e.g., In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1297 (11th Cir. 2003) (overturning a default judgment and allowing a trial to take place more than three years after the plaintiff filed the complaint would constitute prejudice). And, moreover, Kuykendall must do more than just assert a defense. Rather, he "must make an affirmative showing of a defense that is likely to be successful." *Worldwide Web Systems,* 328 F.3d at 1295 (emphasis added). Kuykendall's motion does not identify any defense that is likely to be successful, especially at this stage of the case. *See, e.g., Sloss Indust.,* 488 F.3d at 935 (refusing to set aside default judgment in part because defendant did not move to vacate it for more than a month after the court entered it and stating "the longer a defendant . . . delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment").

Finally, as noted above, Kuykendall has not argued any separate reasons why the Court should set aside the Default Judgment under Rule 60(b)(6). Rather, he argues his reasons justify relief under either Rule 60(b)(1) or 60(b)(6). However, this

is improper. The two provisions are mutually exclusive. *E.g., Box 111 Firetower Road,* 920 F.2d at 791; *Solaroll Shade,* 803 F.2d at 1133. For that reason, Kuykendall's motion for relief under Rule 60(b)(6) must also fail.[2]

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Terrell J. Kuykendall's Motion for Relief from Final Judgment [D.E. 70] is **DENIED**.

**DONE AND ORDERED** this 28th day of September, 2011, at Miami, Florida.

*/s/   Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[2] To justify relief under Rule 60(b)(6), a party must make a showing of "extraordinary" or "exceptional" circumstances. *Griffin,* 722 F.2d at 680. These circumstances must create a substantial danger the underlying judgment was unjust, which showing must be "substantial." *See, e.g., Batts v. Tow-Motor Forklift Co.,* 66 F.3d 743, 748-49 (5th Cir. 1995). Without rehashing the entire discussion from the preceding section, Kuykendall has not shown extraordinary circumstances of any kind to justify application of Rule 60(b)(6).